OPINION
{¶ 1} On February 28, 2002, the Licking County Grand Jury indicted appellant, Dale Bowser, on six counts of rape in violation of R.C. 2907.03 and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31.
 {¶ 2} On May 22, 2002, appellant pled guilty to all charges. By judgment entries filed same date, the trial court sentenced appellant to an aggregate term of nine years in prison. An appeal was never taken.
 {¶ 3} On October 14, 2005, appellant filed a motion to recall mandate, claiming his sentences were contrary to law. By judgment entry filed October 19, 2005, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING CONSECUTIVE AND NON-MINIMUM SENTENCES ON APPELLANT IN CONTRAVENTION OF R.C. § 2929.14."
 II {¶ 6} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 I, II {¶ 7} Appellant appeals the trial court's denial of his "motion to recall mandate." Specifically, appellant claims the trial court erred in sentencing him to consecutive and non-minimum sentences, and his trial counsel was deficient in not raising issues related to State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110. We disagree.
 {¶ 8} By judgment entry filed May 22, 2002, the trial court sentenced appellant to three years on each of the six rape counts, first degree felonies, and six months on the disseminating charge, a fourth degree felony. The trial court ordered three of the rape counts to be served consecutively, and the remaining counts to be served concurrently with each other and concurrently to the three rape sentences for an aggregate term of nine years in prison. The minimum sentence for a first degree felony is three years. R.C. 2929.14(A)(1). The minimum sentence for a fourth degree felony is six months. R.C.2929.14(A)(4). The trial court did not sentence appellant to "non-minimum" sentences therefore, any arguments on the issue are without merit.
 {¶ 9} As for the consecutive nature of the sentences, appellant cites the cases of Edmonson, supra, and State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. The Edmonson case involved minimum/maximum sentences and is therefore inapplicable. Appellant was sentenced prior to Comer and said case is not to be applied retroactively. Further, both Edmonson and Comer
were recently abrogated by State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 10} We note appellant's "motion to recall mandate" essentially attacks his sentence which should have been directly appealed by June 21, 2002. Appellant failed to file an appeal.
 {¶ 11} In addition, the "motion to recall mandate" is a postconviction motion for relief which was not timely filed pursuant to R.C. 2953.21(A)(2). Appellant did not meet any of the requirements under R.C. 2953.23 to have the trial court entertain an untimely filed petition.
 {¶ 12} We do not find any evidence of ineffective assistance of trial counsel.
 {¶ 13} Assignments of Error I and II are denied.
 {¶ 14} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.